**TIME INSURANCE AGENCY, INC., Appellant,**

v.

**Eula M. GRIMES, Individually and As Independent Executrix of the Estate of Don Grimes, Deceased et al., Appellees.**

No. 8820.

Court of Civil Appeals of Texas, Texarkana.

Feb. 17, 1981.

Rehearing Denied March 17, 1981.

Herbert Crook, Freytag, Marshall, Beneke, LaForce, Rubenstein & Stutzman, Austin, for appellant.

Thomas J. O'Meara, Jr., Schaubhut, Smith & O'Meara, Austin, for appellees.

HUTCHINSON, Justice.

Appellees, Eula M. Grimes, Individually and as Independent Executrix of the Estate of Don Grimes, deceased, and Deborah Ann Grimes, sued Mike J. Womack and appellant, Time Insurance Agency, Inc., to recover the balance remaining unpaid on a contract of sale of two insurance agencies. Womack confessed judgment and has not perfected an appeal. Trial was to a jury and based upon the jury's answers to special issues, judgment was entered against both Womack and appellant, jointly and severally, and appellees' security interests in their former agencies were foreclosed.

On November 3, 1975, appellees and Womack entered into a written contract for the sale and purchase of the two insurance agencies. In addition to a cash down-payment, Womack was to pay appellees the sum of $34,621.80 in 48 monthly installments of $833.88 each, interest included, with the first such payment being due on January 1, 1976. A lien on the two agencies was retained by appellees to secure the payment of the installments. The installment payments were made by Womack through June of 1977, at which time he sold his agency to appellant. The written sales contract (signed by Womack but not by appellant) provided that Womack would be paid 50% of the annual net commissions received on his policies for a three-year period. The contract also authorized appellant to make payments for Womack to certain insurance companies, deducting the amount of such payments from the commissions owed to him. If more than $20,000.00 was paid on his behalf, Womack was to reimburse appellant from the proceeds of the sale of his home. Thereafter, appellant made five of the monthly installments to Appellee, Eula M. Grimes, by issuing its checks payable jointly to her and Womack. By November of 1977, appellant had paid about $40,000.00 on Womack's behalf without reimbursement. At this time appellant refused to make any more of the monthly payments to appellees.

The record indicates that Appellee, Eula M. Grimes, worked without pay at appel-

lant's agency for two weeks, three days and three evenings during the latter part of July and the first part of August of 1977 and that her efforts were valuable since she personally knew the policy holders.

In response to three special issues the jury found (1) that Appellee, Eula M. Grimes, performed valuable services for appellant in exchange for its promise to pay the balance of the indebtedness created by the Grimes-Womack agreement, (2) that appellant promised Womack that it would pay the balance of the indebtedness created by the Grimes-Womack agreement, and (3) failed to find that Womack and appellant had agreed that such payments would be made only from proceeds earned by appellant under its contract of sale with Womack.

By its points of error appellant asserts that the trial court erred in admitting parol evidence in contradiction of the terms of a written contract and in entering a judgment requiring it to answer for a debt of another in the absence of an agreement in writing meeting the demands of the statute of frauds. Appellant further contends that the jury's responses are so contrary to the overwhelming preponderance of the evidence as to be manifestly wrong and unjust.

The parol evidence rule prohibits, in the absence of fraud, accident or mistake, the introduction into evidence of oral evidence for the purpose of varying, adding to or contradicting the terms of a valid written instrument that on its face is complete and unambiguous. 23 Tex.Jur.2d Evidence § 342. Appellees' contention that the parol evidence rule is not applicable because the contract of sale between Womack and appellant was not signed by the representatives of appellant is without merit. Even though appellant had not signed the contract, it had recognized its existence and had performed according to its terms. *Casteel v. Gunning*, 402 S.W.2d 529 (Tex.Civ. App.—El Paso 1966, writ ref'd n. r. e.). Appellees further submit that parol evidence was admissible in this case because of the recitation in the written contract of the consideration being "... $10.00 and other

good and valuable consideration", pointing out that the "other good and valuable consideration" can only be shown by parol evidence. In *Bradshaw v. McDonald*, 147 Tex. 455, 216 S.W.2d 972 (1949), the court stated the common law rule, adopted in Texas, that parol evidence is admissible to vary or contradict a recital of consideration in a written contract. This view has been reaffirmed in *Jackson v. Hernandez*, 155 Tex. 249, 285 S.W.2d 184 (1955), and *Lakeway Co. v. Leon Howard, Inc.*, 578 S.W.2d 163 (Tex.Civ.App.—Tyler), *writ ref'd n. r. e. per curiam*, 585 S.W.2d 660 (Tex.1979). However, neither the appellant's nor the appellees' contentions in this regard are determinative of the issues involved. The cause was submitted to the jury upon the theory that appellant and appellees entered into an oral contract, separate and apart from and after the making of the written contract between appellant and Womack. It is appellant's assertion here that the court erred in its judgment since it required it to answer for the indebtedness of another in the absence of an agreement in writing as required by the statute of frauds and by Tex.Bus. & Com.Code Ann. § 26.01(b)(2). The case was not tried nor submitted to the jury upon that theory, but upon the theory that appellant's oral promise to pay the debt of Womack created a new and primary liability aside from the written contract and as such it was not within the statute of frauds and was enforceable. *Haas Drilling Co. v. First National Bank in Dallas*, 456 S.W.2d 886 (Tex.1970); *Gulf Liquid Fertilizer Co. v. Titus*, 163 Tex. 260, 354 S.W.2d 378 (1962); 26 Tex.Jur.2d Frauds, Statute of § 15, p. 166; 2 Corbin, Contracts § 366, p. 273 (1950). In order for such subsequent oral promise to create a binding oral contract there must be consideration flowing from the promisee to the promisor. In response to the first special issue the jury found that Appellee, Eula Mae Grimes, performed valuable services for appellant in exchange for its promise to pay the balance of Womack's debt created by her agreement with Womack. This finding is amply supported by the evidence and constitutes the necessary consideration to establish the va-

lidity of the oral agreement. This new consideration is enough to take the contract out of the statute of frauds. *Dallas Title & Guaranty Co. v. Jarrell*, 320 S.W.2d 696 (Tex.Civ.App.—Dallas 1959, no writ); *Seay v. Griffin*, 308 S.W.2d 182 (Tex.Civ.App.—Eastland 1957, writ ref'd n. r. e.).

■ Appellant also maintains that the trial court erred in failing to grant it subrogation for the sums of money it had spent protecting the property on which foreclosure was granted. It is noted that no issue was submitted to the jury in this regard and none was requested. Appellant did plead its claim for subrogation and sought such subrogation in its motion for judgment after the jury verdict was received. A review of the record does not present sufficient facts upon which the trial court as a matter of law could base judgment for subrogation. Appellant's point in this regard is therefore without merit.

■ Appellees by one cross-point of error complain of the failure of the trial court to award an attorney's fee. Appellant has filed a motion to strike such cross-point on the basis that under Rule 353, Tex.R.Civ.P., it has limited its appeal to severable portions of the case as set out in the notice of appeal and its appeal bond and that appellees failed to perfect an independent appeal. Appellant's motion to strike such cross-point is well taken and is granted. *Great Eastern Life Ins. Co. v. Jones*, 526 S.W.2d 268 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); 4 Tex.Jur.3d Appellate Review § 22, p. 36. Also, the record does not reflect that appellees complained in the trial court of its failure to award attorney's fees and such failure would prevent recovery here under the cross-point. *West Texas Utilities Company v. Irvin*, 336 S.W.2d 609 (Tex.1960); *Varo, Inc. v. Kross*, 511 S.W.2d 719 (Tex.Civ.App.—Eastland 1974, writ ref'd n. r. e.).

All points on appeal are accordingly overruled and the judgment of the trial court is affirmed.