Annie Mae ASBERRY, Appellant,

v.

AETNA INSURANCE COMPANY,
Appellee.

No. 1432.

Court of Civil Appeals of Texas,
Tyler.

June 18, 1981.

Wm. A. Badders, Nacogdoches, for appellant.

Don Kent, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellee.

MOORE, Justice.

This is a worker's compensation case. Annie Mae Asberry, appellant, instituted this suit for worker's compensation benefits alleging she sustained personal injuries while in the course and scope of her employment with Murray Corporation of Maryland in Palestine, Texas. She alleged that while performing janitorial duties, her feet became entangled in electrical cords causing her to fall upon her left leg and knee; that as a result of the injuries she received she suffered total loss of the use of the left leg and that in all reasonable probability such total loss of the use of the leg will be permanent. Appellee, Aetna Insurance

Company, the worker's compensation insurance carrier for Murray Corporation, answered with a general denial.

The case was tried to a jury which found that appellant's injury was a producing cause of a temporary total loss of use of her left leg which began on September 27, 1977, and ended on March 13, 1978. The jury further found that the injury was a producing cause of permanent partial use of her left leg which began on March 13, 1978, and that she had suffered a 55 percent partial loss of use of her left leg. Pursuant to the jury's findings, the court entered judgment awarding appellant compensation benefits for temporary total loss of her left leg as well as benefits for 55 percent partial loss of use as found by the jury. From said judgment Annie Mae Asberry has perfected this appeal.

In her first three points of error, appellant seeks a reversal on the ground that the jury's findings (1) that her injury resulted in only a temporary total loss of use of her left leg and (2) that she suffered only a partial loss of use of her left leg are against the overwhelming weight and preponderance of the evidence. It is appellant's contention that the testimony of Dr. Gunn and Dr. Mahon, the only doctors to testify during the trial, shows that she sustained a total loss of use of her left leg and that such loss was permanent rather than partial. We are not in accord with her contention.

■ When the contention is made that the findings are against the great weight and preponderance of the evidence, this court must examine and weigh all of the evidence in the case and reverse and remand the cause for a new trial if it is our conclusion that the findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Hammond v. Stricklen,* 498 S.W.2d 356 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.).

■ Appellee was employed by Murray Corporation in October 1976 to do janitorial work and performed such work until September 27, 1977, when she injured her left knee as a result of a fall while in the course of her employment. There was no witness to the accident. Appellant testified that while she was vacuuming the carpet, she turned around to unplug the vacuum cleaner and got her foot tangled in a typewriter cord and the vacuum cleaner cord. This caused her to fall to the floor and as a result she struck her knee upon the floor. She was immediately taken to the hospital where she remained for several days receiving treatment to her left knee. She was treated by Dr. Lee Roy Mathis, who x-rayed her knee and drew fluid therefrom. After she was released from the hospital she continued to see Dr. Mathis for several weeks until he referred her to Dr. John Gunn, an orthopedic surgeon in Dallas, Texas. After performing several examinations including a diagnostic arthroscopy, which involved putting appellant in the hospital, Dr. Gunn made a diagnosis that she had a degenerative joint disease and concluded that appellant was not suffering from torn cartilage as he had previously thought. He prescribed some medication and discharged her to go home. After additional examinations over the next several months, Dr. Gunn found appellant's knee to be asymptomatic and released appellant on March 3, 1978, to attempt to return to her job with Murray Corporation in order to determine if her knee would give her further trouble.

Thereafter, appellant went to Dr. E. L. Mahon on April 7, 1978. After an examination, Dr. Mahon diagnosed her problem as extra laxity of the anterior curate ligament and torn cartilage. He instructed her not to engage in activities which would require excessive use of the knee.

Upon the trial, Dr. E. L. Mahon testified that he was of the opinion that appellant's disability was caused by a torn cartilage in the left knee. He testified that as a result of the injury she suffered a total loss of the use of her left leg and in his opinion the loss of the use of the leg would be permanent. Dr. John Gunn, who was called as a witness by the insurance company, testified that he found no evidence of a torn cartilage. He

diagnosed appellant's problem as a degenerative joint disease. Dr. Gunn was of the opinion that she suffered a 50 percent permanent partial loss of the use of the leg.

As can be seen, the testimony of the two doctors is conflicting. It was within the jury's province, as the trier of the facts, to judge the credibility of the witnesses and the weight to be given their testimony and to resolve conflicts and inconsistencies as to the testimony of one witness and between witnesses. *Hammond v. Stricklen*, supra; *Schwab v. Stewart*, 387 S.W.2d 939 (Tex. Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

After carefully examining the entire record and after having weighed and balanced all of the evidence, both that in favor of and that against the verdict and judgment, we find that we are unable to agree with the contention that the judgment is against the overwhelming weight and preponderance of the evidence. Points one through three are overruled.

In her final point, appellant argues that the trial court committed reversible error by permitting the insurance company, on cross-examination, to show that she had been offered employment by Murray Corporation and that she declined to accept said employment. Appellant admitted that she had been offered a different job at Murray Corporation after Dr. Gunn had released her to go back to work. She further admitted that Pam White, an employee of Murray Corporation, had explained the job to her; that the job involved packing boxes from a sitting position which would not involve the knee and that she refused to take the job. As a basis for the exclusion of this evidence, appellant relies upon Tex. Rev.Civ.Stat.Ann. art. 8306, sec. 12a wherein it provides:

> If the injured employee refuses employment reasonably suited to his incapacity and physical condition, procured for him in the locality where injured or at a place agreeable to him, he shall not be entitled to compensation during the period of such refusal, unless in the opinion of the Board such refusal is justifiable. This section shall not apply in cases of

specific injuries for which a schedule is fixed by this law.

■ We agree with appellant's contention that this case is a specific injury case and that evidence that an injured employee refused employment is immaterial in a specific injury case. *Stahl v. Firemen's Fund Indemnity Co.*, 295 S.W.2d 473 (Tex.Civ. App.—Waco 1956, no writ). We believe, however, that appellant's point must be overruled because appellant was the party who interjected this matter into the case.

On direct examination Mrs. Asberry was asked by her own attorney if she knew of any work which she could do. She testified that if she knew of any kind of job she could do, no one would hire her because of her knee. Mrs. Asberry further testified that if she was able to do any type of work she would be working.

We believe that this testimony by appellant on direct examination, while immaterial to the case and otherwise inadmissible, placed before the jury the employability of appellant and the availability of employment for appellant and thus it was not an abuse of discretion by the trial court to allow appellee on cross-examination to impeach her on this matter. *Royal v. Cameron*, 382 S.W.2d 335 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.).

Judgment of the trial court is affirmed.