**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Leslie Jean GOAD, et al., Appellees.**

**No. 1474.**

Court of Appeals of Texas, Tyler.

Sept. 24, 1981.

Rehearing Denied Oct. 15, 1981.

Mike Hatchell, Jack W. Flock, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Tyler, for appellant.

David Sorrell, Brown & Sorrell, Jacksonville, for appellees.

MOORE, Justice.

This is a worker's compensation case. Leslie Jean Goad joined by her children brought suit to recover fatal benefits under sec. 8a, article 8306, et seq., Tex.Rev.Civ. Stat. (1925). She alleged that John Goad, her husband, was killed in the course and scope of his employment for S. K. Church Furniture Company of Jacksonville, Texas, while returning to Jacksonville from a job near Longview, Texas, when the truck driven by deceased ran off the highway at night causing him to suffer fatal injuries.

The case was tried to a jury which returned a single-issue verdict favorable to the plaintiffs, finding that at the time of his death deceased was in the course and scope of his employment. Judgment was rendered for the appropriate fatal benefits, medical expenses, and funeral costs. The insurance company appealed.

We affirm.

Defendant-appellant brings three points of error. The first two points of error claim that the trial court erred in overruling defendant's motions for instructed verdict and judgment non obstante veredicto because there was no evidence that the deceased, John Goad, was within the course and scope of his employment at the time of the fatal accident.

■ When the contention is made that there is no evidence to support a jury finding, this court must consider only the evidence and inferences from the evidence which support the jury finding and disregard all evidence and inferences to the contrary. *Elliot v. Great Nat'l Life Ins. Co.*, 611 S.W.2d 620 (Tex.1981); *Stodghill v. Texas Employers Ins. Ass'n.*, 582 S.W.2d 102 (Tex.1979).

The deceased, John Goad, worked for S. K. Church Furniture Company (S. K.). S. K. is a manufacturer and installer of church furniture (i. e., pews, bookracks, etc.) throughout Texas and the southwest.

At the time of his death, Mr. Goad was an installation foreman and was in charge of a crew that installed and repaired S. K. products. Because of the geographical distribution of S. K.'s customers, Mr. Goad's duties often required him to travel to other Texas cities to complete particular jobs for his employer. The deceased had use of a company truck for his out-of-town work and was paid for time spent traveling, as well as time spent installing or repairing his employer's products. S. K.'s policy concerning the company truck was that although the truck was not for personal use, when an employee was coming and going to a particular out-of-town job it was acceptable for him to keep the truck at his home.

S. K.'s employees worked erratic hours when on the road. Hours of work were frequently determined by a given church's schedule of services. In order to complete jobs rapidly, crews were expected to work ten to twelve hours a day and often worked late into the night or all night if conditions so required.

Some time prior to the date of the accident, S. K. had installed church pews at a church in Spring Hill near Longview, Texas. Although the basic installation had been completed, some minor work still needed to be done. Mr. Goad and a crew were dispatched to complete the job. Goad and the crew worked at the church on September 6 through the 9th. At the finish of work on Saturday the 9th, a member of the crew informed the church officials that the crew would be back to complete the work.

On Wednesday the 13th, the day of the accident, Goad went to the S. K. plant office about noon where he encountered James Godfrey, the plant manager. A short conversation ensued and Godfrey informed Goad that the Spring Hill job needed to be completed. Goad indicated that he was going to Spring Hill that day. This was the last time anyone from S. K. saw the deceased.

Mrs. Rollins, the housekeeper at the church where Mr. Goad was supposed to have been working the day of the accident, testified that she did not see Mr. Goad working at the church that day. The evidence shows that the S. K. crew stored some of their tools in a storage closet in the church. Mrs. Rollins testified that the door to the closet was locked and Mr. Goad did not contact her for the key. There was also testimony that the church was large and spread out and that Mrs. Rollins was gone part of the day. Mrs. Rollins did not testify that Mr. Goad was not at the church, but only that she did not see him.

There is testimony that the deceased's breath smelled of alcohol when he was found. While there is evidence that Goad had been drinking, there was no testimony or evidence that he was intoxicated. The jury obviously did not believe Mr. Goad was intoxicated since they were correctly instructed that a person who is intoxicated is not in the course and scope of his employment.

At about 8:30 p. m. that same day, Goad was traveling south on Highway 135 near Mixon, Texas, in an S. K. truck. The route was a direct path between the church and the S. K. plant office. Coming out of a curve on the highway, Goad's truck left the pavement, traveled for 273 feet on the right shoulder, veered back to the left, crossed the highway diagonally, then left the road and traveled another 129 feet into a large tree. Mr. Goad suffered serious injuries from which he later died. After the accident, the truck was found to contain an air compressor and several small hand tools. Also there were six or seven full cans of beer and two empty beer cans in the truck.

■ The general rule is that an injury occurring in the use of public streets and highways in going to and coming from work is not a compensable injury. Tex.Rev. Civ.Stat.Ann. art. 8309 (Vernon 1967); *Jecker v. Western Alliance Ins. Co.,* 369 S.W.2d 776 (Tex.1963). What exceptions there are to the general rule are codified in art. 8309, sec. 1b. These exceptions are (a) where transportation is furnished pursuant to the contract of employment, (b) where transportation is paid for by the employer, (c) where the means of transportation is paid for by the employer, or (d) where

travel is directed by the employer. Article 8309, sec. 1b; *Janak v. Texas Employers Ins. Ass'n.*, 381 S.W.2d 176 (Tex.1964).

Even if the claimant falls within section 1b, this does not end the inquiry. The worker must still satisfy Article 8309, sec. 1 by establishing that the injury occurred while the insured was engaged in or about the affairs of his employer and was of a kind that originated in and had to do with the work for his employer. *Deatherage v. Int'l. Ins. Co.*, 615 S.W.2d 181 (Tex.1981); *Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624 (Tex.1981).

Appellant concedes that if it were true that the deceased, John Goad had gone to Spring Hill to work and was returning from that mission at the time of the accident, then the accident would qualify for worker's compensation coverage. However, appellant contends that there is no evidence to establish that the deceased went to Spring Hill for his employer. Thus, the issue is whether there is evidence amounting to more than a scintilla that John Goad was engaged in the course and scope of his employer's business at the time of the fatal accident.

In arguing that there is no evidence that the decedent was returning from work on the night of the accident, appellant offers two approaches for ascertaining if there is any evidence to support a jury finding.

Appellant's first approach is to determine if the jury was required to "pile inference upon inference" to deduce an ultimate fact. In support of this argument, appellant relies on such cases as *Fort Worth Belt Ry. Co. v. Jones*, 106 Tex. 345, 166 S.W. 1130 (1914); and *East Texas Theaters, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970). These cases, however, deal with the proposition that "one presumption cannot be based upon another presumption." *East Texas Theaters* at 469. Presumptions and inferences are not the same. See *Strain v. Martin*, 183 S.W.2d 246 (Tex.Civ.App.—Eastland 1944, no writ); 1 McCormick & Ray, Texas Evidence, sec. 51 (3rd Ed. 1980).

■ The office of a true presumption is to invoke a rule of law that compels the jury to reach a conclusion in the absence of evidence to the contrary. In the instant case we are not dealing with presumptions but rather with inferences which the jury may or may not draw from the evidence. Thus, the rule against piling one presumption upon another does not apply. We instead must look to the rules relating to inferences and it is well established that a number of inferences may be drawn from a single fact situation. See also *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex.1980); *Farley v. M. & M. Cattle Co.*, 529 S.W.2d 751 (Tex.1975).

■ The evidence at trial established that on the day of the accident John Goad went to the S. K. office, was told by his supervisor that the Spring Hill job needed to be finished, that Goad told his employer that he was going to the job that day, that Goad was a reliable employee and had always done what he was told, and that the accident occurred on a direct route between the job site and S. K.'s office. There is ample evidence for the jury to infer from all the facts and circumstances that Goad was in the course and scope of his employment at the time of the accident. A jury is the judge not only of the facts proved but of the inferences to be drawn therefrom, provided such inferences are not unreasonable. *Dodd v. Texas Farm Products*, 576 S.W.2d 812 (Tex.1979).

■ Appellant next contends that there is no evidence to support the jury's verdict because the jury could do no more than guess or speculate between equally balanced possibilities as to the decedent's activities on the day of the accident. Appellant relies on the general rule that where the evidence gives rise to equal probabilities or possibilities, there is no evidence. *Lumbermen's Underwriting Alliance v. Bell*, 594 S.W.2d 569 (Tex.Civ.App.—Tyler 1980, writ ref'd n. r. e.); *New York Underwriters Ins. Co. v. Trustees of First Baptist Church*, 603 S.W.2d 378 (Tex.Civ.App.—Eastland 1980, writ ref'd n. r. e.).

This same argument was made in a factually similar case of *Freeman v. Texas Compensation Ins. Co.*, 586 S.W.2d 172 (Tex.Civ. App.—Fort Worth 1979), *modified and affirmed* 603 S.W.2d 186 (Tex.1980). In *Freeman*, an employee of Southwestern Bell Telephone Company was killed when his private car crashed on a freeway in Fort Worth. The sole issue was whether the deceased was in the course and scope of his employment at the time of the accident. The deceased was killed on a Saturday, which was not a normal working day, but he was seen at the Bell office that morning and at 2:00 o'clock he took a polygraph test at an office in downtown Fort Worth in connection with a criminal complaint filed against him. Because Bell was also investigating the complaint, it was held that the polygraph test was in the course and scope of the employee's employment.

The deceased was killed on a freeway leading away from downtown Fort Worth shortly after he completed taking the polygraph test. The evidence established that the deceased was a foreman and part of his responsibility was to drive from job to job to supervise work, that the crash occurred within the district to which the deceased had been assigned, and that there were several locations of Bell crews at the offices along the route that the deceased was traveling. Bell's compensation carrier, as does appellant in this case, argued that the evidence was legally insufficient to support the jury finding that the deceased was in the course and scope of his employment because it required the jury to speculate where among several possible places the decedent was going at the time of the accident. The court of appeals in rejecting this argument stated:

> Had the jury been required to answer a special issue inquiring about exactly where Bolding (the deceased employee) was going at the time of his death, this may have called for speculation and conjecture. However, this was not the case. The jury was not called upon to speculate about which of several places Bolding was going at the time where there was no evidence which made any particular destination more or less likely. In this case, the jury was asked to draw an inference from the circumstantial evidence whether Bolding was on the job or not at the time of his death. We distinguish this case from cases where mere conjecture is required. We hold that this was a case properly decided by drawing a reasonable inference from circumstantial evidence. *Freeman*, 586 S.W.2d at 177.

We believe the instant case is analogous to the *Freeman* case. In *American Gen. Ins. Co. v. Jones*, 250 S.W.2d 663 (Tex.Civ. App.—Galveston 1953), *rev'd on other grounds* 152 Tex. 99, 255 S.W.2d 502 (1953), the deceased worker was a night watchman for a construction company. His body was found lying close to his overturned automobile on the shoulder of the road near a construction barricade erected ∴o stop traffic. He was killed during working hours on his employer's premises, but there was no direct proof as to what he was doing, where he was going, what his mission was, or why he was driving at that time of night. The insurance carrier offered evidence tending to show that the deceased was not working on the night in question but was seen elsewhere intoxicated. The court of appeals in affirming judgment for the deceased's beneficiaries held that there was sufficient evidence for the jury to find that the decedent was in the course and scope of his employment. The sole issue was whether Goad was in the course and scope of his employment at the time of the accident. From the testimony and the surrounding circumstances, there was ample evidence to support the jury's finding in the affirmative. Appellant's first two points of error are overruled.

Appellant's third point of error is that there was insufficient evidence to support the jury's affirmative answer to Special Issue No. 1 which inquired whether Goad was in the course and scope of his employment at the time of the accident. When the contention is made that there is insufficient evidence to support a jury finding this court must examine and weigh all the evidence, including any evidence contrary to

the jury's findings. *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.1980); *Asberry v. Aetna Ins. Co.*, 619 S.W.2d 270 (Tex.Civ.App.—Tyler 1981, no writ history).

After carefully examining the entire record and after having weighed and balanced all the evidence, both that in favor of and that against the verdict and judgment, we find that we are unable to agree with the contention that there is insufficient evidence to support the jury findings. Appellant's Point of Error No. 3 is overruled.

The judgment of the trial court is affirmed.