**Richard J. JAUREGUI, d/b/a Mrs. Johnson's Bakery, Appellant,**

v.

**Robert D. JONES, Appellee.**

**No. 04–83–00540–CV.**

Court of Appeals of Texas, San Antonio.

June 19, 1985.

Rehearing Denied July 26, 1985.

Charles J. Muller, III, Judith R. Blakeway, San Antonio, for appellant.

Daniel R. Rutherford, San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

OPINION

TIJERINA, Justice.

The controversy in this case involves the disputed payment of a commission for the sale of a bakery. The judgment based on the jury's answer to special issues awarded appellee the sum of $26,000.00 plus interest and attorney's fees.

Appellant entered into an exclusive listing agreement with Basse-Weilbacher, Inc., business brokers, for the sale of his business property known as Mrs. Johnson's Bakery. Pursuant to the agreement he agreed to pay the broker a fee of 10% of the total gross sales price or a minimum of $5,000.00, whichever was greater. The listing agreement was subsequently assigned to appellee. It is undisputed that appellee wrote on the listing agreement: "Sales commission to be paid by buyer." Appellee contended that he produced Martin Eckoff as a buyer, that an agreement of sale was executed, that consideration was paid and that Eckoff had taken possession of the business. He further alleged that the bakery was sold for $260,000.00 and therefore made a demand on appellant for the payment of a commission in the sum of $26,000.00. Appellant refused to pay the commission, alleging that the transaction was not consummated. The buyer took possession but was unable to obtain an SBA loan to pay the balance of the purchase price and the bakery was repossessed by appellant.

In his first point of error appellant alleges that there was no evidence that Base-Weilbacher Inc., appellee's assignor, was a licensed real estate broker. Appellant, in his first amended original answer, filed an exception to plaintiff's original petition on the grounds that the pleadings failed to allege that Basee-Weilbacher, Inc. was a licensed real estate broker. The trial court granted the special exception and plea in abatement. The order reads as follows:

It is now therefore, Ordered, Adjudged and Decreed that this matter in all respects is abated and continued pending

the *filing of such amended pleadings by Robert D. Jones* which *shall reflect that he is a licensed real estate broker* and the actual party plaintiff in this matter. (Emphasis added.)

The Plaintiff's First Amended Original Petition in compliance with the court's order was filed by Robert D. Jones as plaintiff. This pleading failed to allege that he was a licensed real estate broker; however, the matter was corrected by post trial amendment. The trial court has discretion to grant trial amendments to correct defects, faults or omissions in the pleadings, either of form or substance. *Fry v. Guillote,* 577 S.W.2d 346, 348 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *H.O. Dyer, Inc. v. Steele,* 489 S.W.2d 686, 688 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); TEX.R.CIV.P. 66; *see also Fine v. Scott,* 592 S.W.2d 56, 58 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.).

■ The record shows that appellant failed to file any motion or exceptions indicating the existence of defects or omissions in Plaintiff's First Amended Petition. In the early case of *Boothe v. Blanchette,* 208 S.W.2d 105, 109 (Tex.Civ.App.—Beaumont 1947, no writ), the court stated: "It seems to be well settled that unless the opposing party puts in issue appellees' right to prosecute suit by plea in abatement, their failure so to do thereby admits that the ... substituted plaintiff was duly authorized to act in the capacity in which he prosecuted the suit." Under TEX.R.CIV.P. 90, all defects or omissions in the pleadings are waived unless specifically pointed out by motion or exception in writing before the charge to the jury or rendition of judgment. *See Westchester Fire Insurance Co. v. Alvarez,* 576 S.W.2d 771, 773 (Tex. 1978). We consider the issue as waived.

■ Appellant, on this issue, relies on *Coastal Plains Development Corp. v. Micrea, Inc.,* 572 S.W.2d 285 (Tex.1978), which is distinguishable factually. Micrea Inc., a corporate entity, sought to collect compensation for the sale of real estate; it did not have a valid real estate broker's license, pursuant to article 6573A, section 19 of the Real Estate License Act, at the time the sales service commenced. The court interpreted section 19 as placing the burden of pleading and proving an existing license on the party seeking to use the courts to collect compensation. In the instant case, Basse-Weilbacher, Inc., the corporate entity, was removed as a party to the suit when the trial court sustained appellant's exception and plea in abatement to Plaintiff's First Original Petition. Parties to a suit are as effectively dismissed by omitting their names from an amended pleading as where a formal order of dismissal is entered. *See Burton v. Bridges,* 641 S.W.2d 635, 637 (Tex.App.—El Paso 1982, writ ref'd n.r.e.); *Hatley v. Schmidt,* 471 S.W.2d 440, 441 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.); *Town of Port Acres v. City of Port Arthur,* 340 S.W.2d 325, 329 (Tex.Civ.App.—Beaumont 1960, writ ref'd n.r.e.). An amended pleading supersedes the instrument amended. *Gage v. Langford,* 615 S.W.2d 934, 940 (Tex.Civ. App.—Eastland 1981, writ ref'd n.r.e.). The record in this case reflects that appellee was a licensed real estate broker at the time he commenced the services for the sale of appellant's real estate. It is undisputed that appellee pleaded and proved that he was a licensed real estate broker and that there was a valid assignment of the listing agreement from the corporation to appellee. Moreover, the trial court's order in response to appellant's exception and plea in abatement effectively removed Basse-Weilbacher, Inc. as a party to the suit. The first point of error is overruled.

■ All of appellant's points of error relating to no evidence, insufficient evidence and great weight and preponderance of the evidence will be reviewed jointly. It is alleged that there is no evidence or insufficient evidence to support the jury's answer to Special Issue No. 1 or, alternatively, that such answer is contrary to the great weight and preponderance of the evidence. Appellant further argues that there is no evidence or insufficient evidence to support the jury's answers to Special Issues Nos. 2 and 3. The standard of

review for a "no evidence" point requires that we consider only the evidence favorable to the judgment; we must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.*, 603 S.W.2d 186, 191 (Tex.1980); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In reviewing a sufficiency of the evidence question we consider and weigh all of the evidence in the case and set aside the judgment if we conclude that the judgment is clearly wrong and unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). A challenge of insufficient evidence and an assertion that the jury's answer was against the great weight and preponderance of the evidence are essentially the same allegation, i.e., that the evidence is factually insufficient. *Metropolitan Life Insurance Co. v. Duncan*, 566 S.W.2d 351, 353 (Tex.Civ.App.—Fort Worth 1978, no writ); Calvert, *No Evidence and Insufficient Points of Error*, 38 TEXAS L.REV. 361 (1960).

It is undisputed that appellee wrote on the listing agreement "Sales commission to be paid by buyer," but the same paragraph contained the undeleted provision that the owner agreed to pay broker a fee of 10% of the total gross sales price or a minimum of $5,000.00, whichever was greater.

Special Issue No. 1 reads as follows:

Do you find from a preponderance of the evidence that Richard J. Jauregui agreed to pay Basse-Weilbacher, Inc. a sales commission for the procurement of a buyer of Mrs. Johnson's Bakery on prices and terms agreeable to Richard J. Jauregui?

You are instructed that if you believe from a preponderance of the evidence that Richard J. Jauregui and Robert D. Jones agreed that the sales commission was to be paid by the buyer, then answer this issue, "We do not."

Answer "We do" or "We do not"

ANSWER: "We do."

The trial court in effect ruled that the listing agreement was ambiguous when it overruled appellant's objection to parol evidence used to explain the circumstances concerning the handwritten portion. Appellee testified that the agreement of the parties was that if the buyer did not pay the commission, then the seller would pay it. He further stated that the buyer took possession of the bakery under the listing agreement.

■■■■■ Parol evidence is generally not admissible to vary, add to or contradict the terms of a valid written instrument that is complete on its face and unambiguous. 36 TEX.JUR.3d *Evidence* § 321 (1984); *Denman v. Hall*, 144 Tex. 633, 193 S.W.2d 515 (1946). But where the terms of the written instrument are ambiguous, parol evidence is admissible to show the true intent of the parties. *Amistad, Inc. v. Frates Communities, Inc.*, 611 S.W.2d 121, 127 (Tex.Civ. App.—Waco 1981, writ ref'd n.r.e.); *Cove Investments Inc. v. Manges*, 588 S.W.2d 792, 794 (Tex.Civ.App.—San Antonio 1979), *rev'd on other grounds*, 602 S.W.2d 512 (Tex.1980). It is only when the wording is reasonably susceptible to more than one meaning that it is ambiguous and parol evidence of the parties may be received. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex.1980). Ambiguity is a question of law for determination by the court. *R & P Enterprises*, 596 S.W.2d at 519.; *National Living Centers, Inc. v. Cities Realty Corp.*, 619 S.W.2d 422, 424 (Tex.Civ.App.—Texarkana 1981, no writ). In *Time Insurance Agency, Inc. v. Grimes*, 613 S.W.2d 40, 42 (Tex. Civ.App.—Texarkana 1981, no writ), the court approved the use of parol evidence to explain an ambiguity in a written contract, notwithstanding the fact that appellant did not sign the instrument, because appellant recognized the existence of the contract and had performed according to its terms.

■■■■■ In *Arkansas Oak Flooring Co. v. Mixon*, 369 S.W.2d 804 (Tex.Civ.App.— Texarkana 1963, no writ), a case cited by appellant, the court said: "Even though the parol evidence rule is a rule of substantive law, the traditional prerogative of the judge continues under present practice and he may determine issues of fact ... prelim-

inary to ruling upon the admissibility of evidence in administering the rule." The trial court, having ruled that the listing agreement was ambiguous as a matter of law, properly submitted the fact question concerning the acceptance or rejection of the parol evidence for the jury's determination. Testimony of a party to a suit raises an issue of fact. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962); *Loeb, Rhoades & Co. v. Stanley,* 541 S.W.2d 869, 871 (Tex. Civ.App.—Corpus Christi 1976, no writ). When there is any conflicting evidence in the record of a probative nature, either direct or circumstantial, a determination of the issue is for the jury. *Texas Employers Insurance Association v. Page,* 553 S.W.2d 98, 102 (Tex.1977); *Spicer v. Great Service, Inc.,* 580 S.W.2d 14, 15 (Tex.Civ.App. —San Antonio 1979, no writ). And when there is conflicting evidence on a submitted issue, an appellate court usually regards the jury verdict on that issue as conclusive. *Clark v. National Life & Accident Insurance Co.,* 145 Tex. 575, 579, 200 S.W.2d 820, 822 (1947). As a general rule, the jury is permitted to make reasonable inferences and deductions from probative evidence; in those instances we cannot disregard the jury finding. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273, 276 (1958); *Texas Employers Insurance Association v. Goad,* 622 S.W.2d 477, 480 (Tex.Civ.App.— Tyler 1981, writ ref'd n.r.e.).

■ The record evidence which is most favorable to the jury finding on the questioned issues is as follows: (1) appellant asked appellee for assistance in getting the previous owner of the bakery to take the property back, leasing it, or selling it; (2) appellee had previously sold a food related business in San Antonio to Martin Eckoff; (3) appellee told appellant that Martin Eckoff was a prospective buyer; (4) appellee insisted on a written listing agreement to protect him on the commission; (5) there was an oral agreement that appellee would first attempt to collect the commission from the buyer and, if the buyer would not pay, the obligation to pay reverted back to the seller; (6) the listing agreement was approved by appellant's attorney; (7) pos-

session of the bakery was transferred from appellant to the buyer, Eckoff; (8) appellant told appellee that Eckoff took possession of the bakery under the agreement; (9) appellee saw a copy of the sales contract; (10) the property was sold for $260,-000.00; (11) *appellant admitted that the sales price* for the bakery was $125,000.00 cash, plus the assumption of a debt against the business and good will which total *was close to $260,000.00;* a sale was negotiated; the *buyer Eckoff took possession and operated the business for 12 months;* and (12) the buyer refused to pay the commission. We find more than sufficient evidence to support the jury findings and judgment. Additionally, having reviewed the entire record, particularly the evidence contrary to the findings, we are unable to conclude that the findings and judgment were against the great weight and preponderance of evidence and clearly wrong or unjust. Points of error two, four, five, six and seven are overruled.

■ In his eighth point of error, appellant complains that the trial court erred in directing a verdict on his counterclaims for fraud and deceptive trade practices. A party is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex.1978).

■ With respect to his claim of fraud, appellant urges that there was evidence appellee had misrepresented Eckoff's financial status to appellant recklessly without any knowledge of its truth. However, a review of the statement of facts reveals that appellee: (1) had reviewed both Eckoff's personal financial statement and an auditor's statement on a restaurant chain owned by Eckoff; (2) had contacted the two banks which Eckoff had given as financial references; and (3) was aware that another of his clients had sold a business to Eckoff after visiting Eckoff's office and investigating his operation. There was no evidence that appellee had made representations about Eckoff knowing he did not have sufficient information to support

them. Therefore, the trial court correctly directed a verdict against appellant on his fraud claim.

■ With respect to his DTPA claim, appellant is estopped from asserting that appellee's representation concerning Eckoff's financial status was made "in the conduct of trade or commerce." TEX.BUS. & COM.CODE ANN. § 17.46(a) (Vernon Supp.1985). This is because it would be inconsistent with his defense to appellee's contract suit, which was that he had been given Eckoff's name by appellee as a personal favor, not as a business transaction. *See In the Interest of J T H*, 630 S.W.2d 473, 476–77 (Tex.App.—San Antonio 1982, no writ); *El Paso National Bank v. Southwest Numismatic Investment Group, Ltd.*, 548 S.W.2d 942, 948 (Tex.Civ. App.—El Paso 1977, no writ). Accordingly, there is no basis for a DTPA claim. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

CANTU, J., concurs without opinion.