The BALCONES CORPORATION,
Appellant,

v.

J. W. SUTHERLAND, Appellee.

No. 13391.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1958.

Rehearing Denied Dec. 10, 1958.

692

Collins B. Cook, Oliver & Oliver, San Antonio, for appellant.

Morrison, Dittmar, Dahlgren & Kaine, San Antonio, for appellee.

BARROW, Justice.

This suit was brought by appellee against appellant upon alleged liability under a so-called "dry hole money" letter agreement, providing that under certain conditions appellant would pay to appellee the sum of $6,500. In the trial court appellant contended that the conditions of the agreement were violated and not performed, therefore, no liability existed against it for the payment of $6,500. In the alternative, appellee sought to recover under the doctrine of substantial performance, and in the further alternative sought to recover in quantum meruit the reasonable value of his services, which he alleged was $6,500. The trial was to a jury on special issues, and upon the verdict of the jury appellant filed a motion for judgment non obstante veredicto, which was overruled. Then appellant filed its motion for a new trial, which the court overruled, and, in response to appellee's motion, rendered judgment on the verdict in favor of appellee, from which judgment appellant prosecuted this appeal.

The so-called "dry hole" letter agreement, insofar as material to this suit, is that appellee, Sutherland, agreed to drill a well on the J. M. Richardson tract, Section No. 5, in Duval County, Texas, Sutherland being the owner of the working interest in an oil, gas and mineral lease on said tract. Said well was to be located no more than 330 feet from the north boundary of appellant's 440-acre R. Lopez lease in Section No. 6, Duval County. After appellee commenced the drilling of said well, he was to prosecute the same in a diligent manner, in a bona fide effort to find and produce oil, gas or other minerals, until the well had been drilled to a depth of 6,500 feet, and complete the drilling operations within sixty days. Said agreement further provided that appellee should take such cores and make all tests for production or productive indications that a reasonably prudent operator would make under the same or similar circumstances. That appellee should make an electric survey from the bottom of the surface casing to the deepest

depth penetrated and take sidewall samples of all formations showing productive indications on the electric log which had not been previously cored by conventional methods, and it was specifically agreed that the Queens City formation would be cored when encountered. The agreement further provided that, "The 'dry hole' contribution covered hereby shall not be assigned, mortgaged, pledged, or otherwise disposed of, in whole or in part, without our (appellant's) written consent."

The record in this cause shows that appellee drilled said well to the depth provided for, and that during said drilling operations appellant's president was present on the location at all material times, and received and had the benefit of all the information secured by appellee. A complete electric log was made and delivered to appellant, and the record shows that the cores and tests secured by appellee were examined by appellant's president on the ground as the cores were made. There was evidence to show that appellee substantially performed said contract, and that the reasonable value of the services rendered by appellee and the information furnished to appellant relative to the well and the drilling thereof, was in excess of the amount of money found by the jury.

Appellant predicates this appeal upon sixteen points. By the first six points it contends that the court should have instructed a verdict in appellant's favor, and under said points it contends that the undisputed evidence shows: 1. That appellee assigned the "dry-hole letter" contrary to the terms thereof. 2. That appellee, because of having assigned the letter, was not the owner of the cause of action. 3. That appellee violated the terms of the letter requiring cores and tests to be made. 4. That no side wall cores were tested. 5. That the letter had been transferred without the consent of appellant. 6. That no conventional coring was done in the well as required by the contract.

■■ These points are without merit. There was no evidence of probative force

showing that the contract letter was assigned. The evidence shows that appellee assigned part of the working interest in his lease to another operator, and in his contract with the drilling contractor expressly retained the "dry-hole letter" contract. As to the failure of appellee to comply with the terms of the letter in the respects contended, it is apparent that these matters were defensive to appellee's right to recover under the contract. Inasmuch as under the jury verdict appellee could not and did not recover under the express terms of the contract, but recovered on the finding of substantial performance and quantum meruit, appellant's motion for a directed verdict on these grounds was not well taken.

■ By appellant's points seven, eight, nine, ten and eleven, it contends that the court erred in refusing its requested issues. By its requested issues, appellant sought to have these same matters submitted for jury decision. These issues were defensive issues which, at most, would defeat appellee's right to recover under the contract. The jury having found that appellee failed to perform the dry-hole letter contribution agreement, any finding which the jury might have made in response to these issues would be unimportant, and hence any error of the trial court in refusing these issues becomes harmless. Rule 434, Texas Rules of Civil Procedure.

■ By its twelfth point appellant contends that the court erred in submitting to the jury special issue No. 1, which inquired whether appellee performed his "dry hole contribution" letter agreement. This point does not present harmful error. The answer to the question was favorable to appellant.

■ By its thirteenth, fourteenth and fifteenth points appellant complains of the court's submission of the issues (1) of substantial performance of the contract by appellee, (2) whether the services, if any, rendered by appellee to appellant were of any value to appellant, and (3) what was

the reasonable value of such services. All answers to these issues were favorable to appellee.

We find from the record that appellee pleaded both the issues of substantial compliance and quantum meruit. Appellant makes no point that the jury's findings in response to these issues are not supported by the evidence, nor does it contend that the findings are so against the overwhelming preponderance of the evidence as to be manifestly wrong. Appellant's points are therefore without merit.

■ By appellant's sixteenth point it contends that the court erred in giving the following definition of substantial performance:

"By the term 'substantial performance,' as used in this charge, is meant that there has been no willful departure from the terms of the agreement and no omission in essential points and that the agreement has been honestly and faithfully performed in its material and substantial particulars and the only variance from the strict and literal performance consists of technical or unimportant omissions or details."

This is the definition approved by the Court in Cotherman v. Oriental Oil Co., Tex.Civ.App., 272 S.W. 616, citing Page on Contracts, Vol. 5, par. 2780, and authorities cited. Appellant's point is overruled.

■ By its seventeenth and last point appellant contends that the trial court erred in permitting appellee to reopen the case and introduce evidence showing that he had certain cores in his possession, and in permitting appellee to tender these cores to appellant in open court.

This was a matter within the discretion of the trial court, and unless it be demonstrated that the trial court abused its discretion, such action is not reversible error. In this case it was not shown that appellant was harmed in any respect by the trial court's action, nor was it shown that it was deprived of the right to offer any rebuttal evidence that it might have had in reply thereto. Appellant's point is therefore without merit and is overruled. Union Central Life Ins. Co. v. Boulware, Tex. Civ.App., 238 S.W.2d 722; Texas Co. v. Ramsower, Tex.Com.App., 7 S.W.2d 872; Rule 270, T.R.C.P.

Finding no error in the record, the judgment is affirmed.