**MEDINA ELECTRIC COOPERATIVE, INC.,**
Appellant,

v.

**Cecil REAGAN, Appellee.**

No. 14152.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 6, 1963.

Frank X. Vance, Hondo, Crawford & Crawford, Uvalde, for appellant.

David R. White, Uvalde, for appellee.

BARROW, Justice.

This suit was filed by Medina Electric Cooperative, Inc., to condemn a right of way containing 15.655 acres of land, for the purpose of erecting and maintaining a transmission line across a 4700-acre ranch and farm owned by Cecil Reagan. The right of way measured forty feet in width across Reagan's property, except for about 7,000 feet along the south boundary line where only a twenty-foot wide strip was taken.

The only point in controversy at the trial was over the amount of damages, which was.

resolved by a jury. The jury found that the pre-condemnation value of the 15.655-acre strip was $2,937.50, and the post-condemnation value is $1,121.25. The jury also found that the remainder of appellee's land suffered a diminution in value of $8,325.00. Judgment was entered for the sum of $10,-141.25, and appellant duly perfected this appeal.

Appellant has asserted two points, both of which relate to the post-condemnation valuation of the 15.655-acre strip. In its first point, appellant complains of the error of the trial court in sustaining appellee's objection to the testimony of appellant's witness Seitz, as to the market value of this strip immediately after the taking. In its second point, appellant complains of the error of the court in instructing the jury to disregard the previous testimony given by Seitz on the post-condemnation value of the strip.

■■■ Appellee now concedes that this evidence was admissible and that his objection and request that the jury disregard Seitz's testimony were erroneously sustained. The law is settled in Texas that the taking of a strip for a right of way easement is a taking of less than the entire fee of the strip. Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151; Texas Elec. Service Co. v. Vest, Tex.Civ.App., 310 S.W.2d 733. Appellee asserts, however, that this error of the trial court was harmless as the same testimony was already before the jury without objection, and, in any event, the error was cured when the court subsequently gave both parties opportunity to offer evidence on the question of the market value of the right of way strip after the taking.

The transmission line was carried by single poles, spaced about 450 feet apart and mounted twenty-one feet above the ground. The poles along the south boundary line were located on the adjoining owner's land and only an aerial easement was taken of this part of appellee's property. Appellee and his real estate witness, John Kimble, as well as appellant's witnesses, E. E. Seitz and Donald B. Morgan, all testified without objection to the physical arrangement of the right of way on appellee's land. It was shown that appellee could farm or graze the right of way, except in the immediate area of the poles. On the other hand, there was evidence that the right of way could not be satisfactorily used by appellee due to the difficulty in spraying same for insects. On direct examination by appellant, Seitz testified without objection, that the market value of the strip immediately after the taking would be one-third less than its value before the taking. However, while Seitz was still being examined by appellant, the following proceedings took place:

"Q  Mr. Seitz, I believe you stated that one-third of the value of the land before the taking, before the easement was on it, is the value of the use the Medina Electric Co-op would acquire in this easement strip?

"A  Yes.

"Q  Due to their use of the property?

"A  Yes.

"MR. WHITE: (Counsel for appellee) That question is improper, Your Honor. The issue there on the strip actually taken is the reasonable market value of the land taken. The question of what your damages is is the difference between the market value of the remainder after it was taken.

"THE COURT: Do you object to the question?

"MR. WHITE: Yes, sir, and I object to his answer, and I ask that the jury be instructed not to consider his answer of one-third off of the figure that he has given.

"THE COURT: Gentlemen of the Jury, you will not consider the answer of the witness to the last question."

It is our opinion that the above objection and instruction of the court, although technically instructing the jury to disregard only the last question, was calculated to erroneously instruct the jury to disregard the testimony concerning one-third loss in value. This erroneous instruction was made certain when the trial court sustained a later objection by appellee that: "The sole issue is what was the value of the land taken."

This error, however, was made harmless by subsequent proceedings. After both sides closed, but before the charge was prepared, the trial court determined that it would submit issues as to the market value of the strip before and after the taking by appellant. The trial court, under authority of Rule 270, T.R.C.P., on its own motion reopened the case and permitted both parties to offer evidence of the market value of the strip after the taking. Appellee offered evidence that the difference in market value of the strip was $3,044.33. Appellant did not recall Seitz or offer any other witness. There is no showing in the record as to the unavailability of Seitz or request by appellant for time to secure any other witness on this issue.

In Yaeger v. Long Bros. Drilling Co., Tex.Civ.App., 147 S.W.2d 276, writ refused, this Court held that a party waived his complaint of erroneous exclusion of evidence when he declined the trial court's offer to reopen the matter and elicit an answer to the excluded question from the witness. See also Balcones Corp. v. Sutherland, Tex.Civ. App., 318 S.W.2d 691; Gibralter Colorado Life Co. v. Taylor, Tex.Civ.App., 99 S.W.2d 1084, rev. on other grounds, 132 Tex. 328, 123 S.W.2d 318; Strohmeyer v. Wing, Tex. Civ.App., 77 S.W. 977.

The error of the court in erroneously sustaining appellee's objection to testimony by appellant's real estate witness, Seitz, and instructing the jury to disregard his previous testimony was therefore harmless under Rule 434, T.R.C.P.

The judgment is affirmed.