**Eleonora BROACH, Appellant,**

v.

**Jeri BRADLEY, Appellee.**

**No. 11–90–126–CV.**

Court of Appeals of Texas, Eastland.

Dec. 13, 1990.

Rehearing Overruled Jan. 10, 1991.

Thomas E. Pitts, Splawn and Simpson Law Offices, Inc., Lubbock, for appellant.

Chad Williams, Seymour, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is an appeal from a will contest. Jeri Bradley offered for probate the will of Selma Word. The will included a self-proving affidavit. An opposition to the probate of the will was filed. The jury found in favor of Bradley, and the will was admitted to probate. Eleonora Broach appeals. We affirm.

The record reflects that Bradley called Sheryl Johnson Wiles, the notary who executed the self-proving affidavit, as a witness concerning Word's mental capacity at the time the will was executed. After cross-examining Wiles on the procedure she used to swear the witnesses to Word's will, Broach objected that the self-proving affidavit was invalid because Wiles had not properly sworn the witnesses. The trial court sustained the objection and struck the self-proving affidavit.

Bradley then called Rayleen Pittcock, a witness to the will. Broach objected on the grounds that Pittcock was not designated as a witness. Prior to trial, Broach had served Bradley with interrogatories requesting the identity of "any potential party and all persons having knowledge either directly or indirectly of relevant facts concerning the issues, claims and defenses in this lawsuit." Bradley had not identified Pittcock. The trial court overruled Broach's objection finding that good cause existed to permit Pittcock's testimony.

■ In the first point of error, Broach contends that the trial court erred in permitting the testimony of Pittcock. TEX.R. CIV.P. 166b(2)(d) provides for the discovery of the identity of persons having knowledge of relevant facts. TEX.R.CIV.P. 215(5) provides in part:

A party who fails to ... supplement his response to a request for discovery shall not be entitled ... to offer the testimony of ... [a] person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

The Supreme Court reaffirmed in *Gee v. Liberty Mutual Fire Insurance Company*, 765 S.W.2d 394 (Tex.1989), that the sanction of automatic exclusion of testimony of an undisclosed witness is subject to a good cause exception. If the trial court, in its discretion, finds that good cause exists, the evidence should be admitted. The determination of good cause can only be set aside if the trial court abuses its discretion. *Clark v. Trailways, Inc.*, 774 S.W.2d 644 (Tex.1989). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

The issue of the validity of the self-proving affidavit first arose during the trial. The purpose of a self-proving affidavit is to admit a will to probate without the testimony of a subscribing witness. Accordingly, when the trial court ruled in Broach's favor and removed the affidavit from the will, Bradley called Pittcock as a fact witness to prove the proper execution of the will. The record shows that, when it became apparent that Pittcock's testimony would be needed, Bradley informed Broach that Pittcock would be called as a fact witness and provided the content of her testimony. Moreover, Pittcock's name and address as a subscribing witness to the will were included in the application for probate, and she was identified in the deposition taken of Bradley as a witness to the will. Therefore, Broach knew of her existence and of her knowledge of relevant facts. At the conclusion of the good cause hearing, the trial court made a finding that good cause existed under Rule 215(5) and allowed Pittcock to testify.

A party's "inability to anticipate use of witness' testimony at trial" may support a finding of good cause to permit the testimony. *Alvarado v. Farah Manufacturing Company, Inc.*, 34 Tex.Sup.Ct.J. 107 at 109 (November 24, 1990); *Clark v. Trailways, Inc., supra.* See also *Ellsworth v. Bishop Jewelry and Loan Company*, 742 S.W.2d 533 (Tex.App.—Dallas 1987, writ den'd); *Gannett Outdoor Company of Texas v. Kubeczka*, 710 S.W.2d 79 (Tex. App.—Houston [14th Dist.] 1986, no writ). In addition, "[a]lthough lack of surprise is not the standard, it may be a factor for the trial court to consider when weighing whether good cause exists for allowing the testimony of an undisclosed witness." *Gee v. Liberty Mutual Fire Insurance Company, supra* at 395, n. 2. The trial court did not abuse its discretion by permitting Pittcock's testimony. The first point of error is overruled.

■ In the second point of error, Broach argues that the following instruction defining the "formalities and solemnities" required by law for execution of wills was erroneous:

In answering the above Question No. 1, you are instructed that the "formali-

ties and solemnities" required by law are the following:

1) the instrument is in writing (includes typewriting);
2) the instrument was signed by Selma Word in person;
3) Selma Word, at the time of executing the instrument, was at least eighteen (18) years of age;
4) the instrument is attested by two or more credible witnesses above the age of fourteen (14) years who subscribed their names to the instrument in their own handwriting in the presence of Selma Word.

Once the court struck the self-proving affidavit, TEX.PROB.CODE ANN. § 88(b) (Vernon 1980) required Bradley to prove the proper execution of the will. Section 88(b) requires proof that:

(1) The testator was at least 18 years of age and of sound mind, and
(2) That the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will.

The Probate Code does not define the phrase "formalities and solemnities." However, TEX.PROB.CODE ANN. § 59 (Vernon 1980) requires that every will (except in circumstances inapplicable to this case):

(1) Be in writing and signed by the testator, and
(2) If not wholly in the testator's handwriting be attested by 2 or more credible witnesses over 14 years of age who shall subscribe their names to the will in the testator's presence.

Section 59 also provides that a will may be made self-proved, making the testimony of the subscribing witnesses unnecessary. The statute then sets forth the form and content of the affidavit if the will is made self-proved.

The court's instruction on "formalities and solemnities" includes the elements set forth in Sections 88(b) and 59. Broach urges, however, that such elements do not sufficiently qualify a document as a will. She urges that "formalities and solemnities" also include the additional components

of the self-proving affidavit prescribed in Section 59. Broach acknowledges that such proposition was rejected in *Fox v. Amarillo National Bank*, 552 S.W.2d 547 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). We agree with the holding in *Fox*. The only purpose of the form and contents of the Section 59 self-proving affidavit is to admit a will to probate without, and as an alternative to resorting to, the testimony of a subscribing witness. *Boren v. Boren*, 402 S.W.2d 728 (Tex.1966). The second point of error is overruled.

 In the third point of error, Broach argues that the jury's failure to find undue influence by Bradley upon the testatrix was against the great weight and preponderance of the evidence. In the fourth point of error, Broach contends that the evidence is factually insufficient to support the jury's finding that the testatrix possessed testamentary capacity on the date the will was executed. In reviewing a "great weight" or a "factually insufficient" point, this Court must consider and weigh all the evidence in the record and must uphold the jury's finding unless we determine that the finding is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. *Cropper v. Caterpillar Tractor Company*, 754 S.W.2d 646 (Tex.1988); *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986).

 A contestant seeking to set aside a will on the basis of undue influence must prove: (1) the existence and exercise of an influence; (2) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the will; and (3) the execution of a will which the maker thereof would not have executed but for such influence. *In re Estate of Murphy*, 694 S.W.2d 10 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

 Testamentary capacity requires that the testator possess sufficient mental ability at the time of the execution of the will: (1) to understand the business in which he is engaged, the effect of making the will, and the general nature and extent of his property; (2) to know his next of kin and the natural objects of his bounty; and (3) to

have sufficient memory to assimilate the elements of the business to be transacted, to hold those elements long enough to perceive their obvious relation to each other, and to form a reasonable judgment as to them. *Campbell v. Groves,* 774 S.W.2d 717 (Tex.App.—El Paso 1989, writ den'd).

The evidence reflects that Word was an elderly woman; that Bradley worked for Word and was her friend; that Word suffered some physical problems; and that Bradley drove Word to the attorney's office and was present when the will was signed. The evidence also reflects that Word was a strong-willed person who could not be easily influenced, that she knew what she was doing and was of sound mind when she signed the will, and that she knew and understood her business. The evidence also shows that, under the will, the bulk of Word's estate was to go to charity and that Bradley was to receive only 22 or 23 percent of the estate.

We find that the evidence is factually sufficient to support the jury's finding that Word possessed testamentary capacity at the time she signed her will, and we also hold that the jury's failure to find that Bradley exerted undue influence over her is not against the great weight and preponderance of the evidence. The third and fourth points of error are overruled.

The judgment of the trial court is affirmed.