11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Manu Patel d/b/a Nu-Tone Cleaners of Abilene

Appellant

Vs.                   No.
11-01-00175-CV B Appeal from Taylor County                                       

Ambassador Drycleaning & Laundry Co., Inc. et al

 

Appellees

 

 

This case
involves a settlement agreement and the issues of whether appellees are
entitled to enforce the agreement, whether appellees breached the agreement,
and whether appellees fraudulently induced appellant to enter into the
agreement.  Because it found that
appellees had not breached the agreement, that appellees had substantially
performed under the agreement, and that there had been no fraud in connection
with the agreement, the trial court entered a take-nothing judgment against
appellant and dismissed appellant=s lawsuit.  We affirm in part
and reverse and remand in part.

Appellant
is in the dry-cleaning business.  In
1996, he purchased a Technodry dry-cleaning machine.  Appellees were involved in various capacities in providing
appellant with the machine.  Appellant
experienced problems with the machine, and he rejected it.  When appellees did not remove the machine
and return his money, appellant placed the machine in storage and filed suit
against appellees.  The parties mediated
their claims and entered into a settlement agreement, followed by a letter
clarifying the settlement agreement. 








Appellant
filed a second amended original petition alleging that appellees had breached
the settlement agreement and that they had fraudulently induced him to enter
into the settlement agreement. 
Appellees filed a counterclaim in which they sought to enforce the
settlement agreement and to have the original cause of action dismissed because
they had substantially performed under the settlement agreement.  It is not the sale that is involved in this
appeal, it is the settlement agreement. 
Following a bench trial, the trial court concluded that the settlement agreement
was valid and binding, that appellees substantially complied with all material
terms under the settlement agreement, that appellees committed no breach of the
settlement agreement, that appellees had not committed fraud, that appellees
made no misrepresentations in connection with the execution of the settlement
agreement, and that appellant=s claims should be denied and his lawsuit dismissed.  

Appellant
brings three points of error.  In his
first point, appellant argues that the trial court erred in finding that
appellees substantially complied with the settlement agreement because:  the doctrine of substantial performance
cannot be applied where there is a breach of an essential part of a contract;
the doctrine of substantial performance cannot be applied in this instance
because the trial court found that appellees had not breached the agreement;
the doctrine of substantial performance cannot be applied to settlement
agreements as a matter of law; and there was insufficient evidence of
substantial performance.  In his second
point, appellant maintains that the evidence was insufficient to support the
trial court=s finding that appellees did not breach the
settlement agreement.  In his third
point, appellant argues that the trial court=s failure to find in his favor on the fraudulent inducement issue was
so against the great weight and preponderance of the evidence as to be
manifestly unjust.








 We will first discuss that portion of his
first point in which appellant maintains that the doctrine of substantial
performance does not apply to settlement agreements as a matter of law.  Settlement agreements are enforceable in the
same manner as other contracts.  TEX.
CIV. PRAC. & REM. CODE ANN. ' 154.071(a) (Vernon 1997); see also Stevens v. Snyder, 874 S.W.2d 241,
244 (Tex.App. B Dallas 1994, writ den=d). 
The doctrine of substantial performance is a contract law concept which
is applicable to many different types of contracts.  See, e.g., Geotech Energy Corporation v. Gulf States
Telecommunications and Information Systems, Inc., 788 S.W.2d 386, 390 (Tex.App.
B Houston [14th Dist.] 1990, no writ).  The strict rule formerly was that one who is
in default cannot maintain a suit for its breach.  Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex.1990); Gulf Pipe Line
Co. v. Nearen, 138 S.W.2d 1065, 1068 (Tex.1940).  This rule was later relaxed by the doctrine of substantial
performance.  The rule of substantial
performance allows one to go forward with a contract action even though he has
breached nonmaterial terms of the contract but has substantially performed
it.  Dobbins v. Redden, supra; Vance v.
My Apartment Steak House of San Antonio, Inc., 677 S.W.2d 480 (Tex.1984);
Atkinson v. Jackson Bros., 270 S.W. 848, 850 (Tex. Comm'n  App. 1925, holding approved). We see no
reason why settlement agreements should be treated differently from other
contracts to which the doctrine applies. 
We hold that the doctrine of substantial performance is applicable to
settlement agreements.  That portion of
appellant=s first point in which he argues to the
contrary is overruled.

Appellant
also argues in his first point that the doctrine of substantial performance applies
only where there is a breach of the underlying agreement.  He reasons that, because the trial court
found that appellees did not breach the agreement, it could not also find that
they have substantially performed the agreement.  While we agree with appellant that, by its very definition, the
doctrine of substantial performance assumes an immaterial breach by the one
seeking to recover under the doctrine, in view of our disposition of other
points on appeal, we need not discuss this portion of appellant=s first point.  See Ambassador Development Corporation v. Valdez, 791 S.W.2d 612
(Tex.App. B Fort Worth 1990, no writ).

We next
discuss that portion of his first point in which appellant maintains that the
trial court erred in finding that appellees substantially performed under the
agreement because there is insufficient evidence to support such a finding. 

 ASubstantial performance@ means:  

[T]hat there has been no willful departure
from the terms of the agreement and no omission in essential points and that
the agreement has been honestly and faithfully performed in its material and
substantial particulars and the only variance from the strict and literal
performance consists of technical or unimportant omissions or details.  

 

Balcones Corporation v. Sutherland,
318 S.W.2d 691, 694 (Tex.Civ.App. B San Antonio 1958, writ ref=d n.r.e.).

The
settlement agreement set forth the obligations of all three appellees to
be:  to deliver a new dry-cleaning
machine and spill tank to appellant by a certain date; to install that machine;
to deliver a written warranty covering all parts for one year; to deliver an
owner=s operating manual in English with the
delivery of the machine; to deliver a list of parts and suppliers of parts for
the machines in the English language within 60 days after the delivery of the
machine; to provide telephone numbers where parts for the machine can be
ordered for delivery by Federal Express or UPS; to provide 3 continuous days of
training in the operation of the machine after installation; and to pay to
appellant the sum of $14,000 within 10 days from the date of the settlement
agreement.








The
settlement agreement and clarification letter also set forth appellant=s obligations:  to obtain delivery of 80 gallons of new solvent upon installation
of the new machine; to attend the training sessions to be given by appellees;
to furnish an unobstructed location upon which to install the new machine; to
remove the old machine from storage; to drain the solvent from the old machine;
and to keep the settlement agreement confidential.

Appellant
did not have the burden of proof upon the issue of substantial
performance.  In a contract action based
upon substantial performance, the party seeking relief under the doctrine bears
the burden of proving that he did substantially perform in accordance with the
agreement.  Vance v. My Apartment Steak
House of San Antonio, Inc., supra. 
Therefore, appellees bore the burden of proving that they substantially
performed under the settlement agreement. 
In reviewing this issue, we must examine all of the evidence and make a
determination as to whether the evidence in support of the finding is so weak
as to be clearly wrong and unjust.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex.1986); In re King=s Estate, 244 S.W.2d 660, 661
(Tex.1951).  We review the trial court=s findings of fact following a bench trial
using the same standards we use to review the factual sufficiency of the
evidence supporting a jury=s verdict.  Hitzelberger v.
Samedan Oil Corporation, 948 S.W.2d 497, 503 (Tex.App. B Waco 1997, writ den=d). 
Regardless of the label, conclusions which are actually findings will be
treated as findings.  Ray v. Farmers= State Bank of Hart, 576 S.W.2d 607
(Tex.1979).  As the trier of fact in a
bench trial, it is the province of the trial court to determine the credibility
of the witnesses and the weight to be given their testimony, to believe or
disbelieve all or any part of the testimony, and to resolve any inconsistencies
in the testimony.   Robbins v. Roberts,
833 S.W.2d 619, 624 (Tex.App. ‑ Amarillo 1992, no writ).  When there is conflicting evidence, the
appellate court usually regards the finding of the trier of fact as
conclusive.  See Jauregui v. Jones, 695
S.W.2d 258, 263 (Tex.App. ‑ San Antonio 1985, writ ref'd n.r.e.).  We are not to reweigh the evidence and set
aside the finding merely because we are of the opinion that a different result
is more reasonable.  Pool v. Ford Motor
Company, 715 S.W.2d 629 (Tex.1986). 








We have
examined all of the evidence in this record. 
The following facts are supported by 
the evidence:  appellees
performed the terms of the settlement agreement pertaining to the delivery and
installation of the machine;  although
not timely, appellees made the $14,000 payment to appellant, which appellant
accepted; appellees delivered an owner=s manual to appellant, as appellant admitted at trial; appellees
provided the three-day training program called for in the agreement; and,
although appellant disagrees, appellees provided the telephone numbers required
by the agreement.  We are left with  questions concerning the written warranty
and the parts list which appellees were required to furnish pursuant to the
agreement. 

Charles
Gelfand owns Ambassador Drycleaning. 
Gelfand testified that everyone who gets a new dry-cleaning machine gets
a written warranty and that appellant received one with the first machine.  He further testified that he did not know if
he delivered a written warranty with the settlement agreement machine or
not.  When presented at trial with a
copy of the warranty furnished with the first machine, Gelfand stated that it
was like one that appellant should have received with the second machine.  Appellant denied receiving a written
warranty on the second machine as required by the settlement agreement.  Gelfand=s response was that the written warranty provided for the first machine
is also valid for the second machine. 
He also testified that the settlement agreement itself was the warranty.  Paragraph 4(a)(iii) of the agreement, which
Gelfand signed as president of Ambassador Drycleaning, as Alegal representative@ for Technodry, and individually, requires
appellees Ato deliver a written warranty covering all
parts on the TEC-35 for a period of one year to Manu Patel.@

We have
examined the evidence regarding the warranty given on the first machine.  Appellant argues that, even if an identical
copy of that warranty had been given to appellant with the delivery of the
second machine, it did not cover all parts for a period of one year as
required by the settlement agreement. 
That warranty covered electrical components for 90 days only, excluded
certain other parts, and also excluded parts not manufactured by Techno-Stir (Italian
translation for ATechnodry@).  Further, if the original
warranty were to apply to the second machine or if the settlement agreement
itself were the actual written warranty required by the agreement, as contended
by appellees, then there was no need for appellees to agree to furnish a warranty
in the future.  The warranty was to be
furnished with the second machine. 
Delivery of the warranty was a material term of the settlement
agreement.  Even if there is more than a
scintilla of evidence regarding delivery of the warranty, we hold that the
evidence in support of the finding that appellees substantially performed the
settlement agreement is so weak as to be manifestly unjust.








Appellees
called witnesses who were also in the dry-cleaning business.  These witnesses had purchased Technodry
machines and had no or minimal problems with the machines.  Further, these witnesses testified that
there would be no use for a parts list such as that contracted for by
appellant.  The testimony also revealed
that, at the time of the settlement agreement, there was no such thing as a
parts manual in existence which related to this machine.  After the date had passed for furnishing the
parts list, appellees furnished appellant a self-compiled package showing some
of the parts and the numbers applicable to them.  Appellees continued to furnish such information up to within 3
weeks of the date of trial.  The parties
disagree as to whether the materials furnished to appellant by appellees can be
denominated a parts list.  However,
regardless of whether that information later furnished to appellant can be
classified as a parts list or not, a finding that it was furnished within 60
days of the installation of the second machine as appellees agreed to do, and
as required by the settlement agreement, is so against the great weight and
preponderance of the evidence as to be manifestly unjust.  Again, this is a breach of contract
action.  We think that it is immaterial,
in this lawsuit, whether other machines worked well or whether a parts list was
useful to other users because, here, appellant contracted for the parts list to
be delivered within a certain time. 

If a party
has committed a material breach of a contract, his performance cannot be
substantial.  Measday v. Kwik-Kopy
Corporation, 713 F.2d 118 (5th Cir. 1983). 
The provisions regarding the warranty and the parts manual were material
terms; they were not Atechnical
or unimportant@ details. 
See Balcones Corporation v. Sutherland, supra.  Appellant=s challenge to the finding that appellees had substantially performed
the agreement is sustained.








In his
second point of error, appellant argues that the trial court=s finding that appellees did not breach the
settlement agreement was so against the great weight and preponderance of the
evidence as to be manifestly unjust. 
Appellant had the burden of proof to show that appellees breached the
settlement agreement; thus, appellant challenges the trial court=s non-finding of a breach.   In reviewing this point, as framed by
appellant, we examine all of the evidence to determine whether the adverse
finding is so against the great weight and preponderance of the evidence as to
be manifestly unjust.  Cain v. Bain,
supra; Broach v. Bradley, 800 S.W.2d 677 (Tex.App. B Eastland 1990, writ den=d); see also Raw Hide Oil & Gas, Inc. v.
Maxus Exploration Company, 766 S.W.2d 264, 275-76 (Tex.App. - Amarillo 1988,
writ den=d); Calvert, ANo Evidence@ and AInsufficient Evidence@ Points of Error, 38 TEXAS L. REV. 361 (1960).  This court cannot find facts which would be
the basis for a rendition, we may only Aunfind@ certain facts and remand for a new
trial.  Pool v. Ford Motor Company,
supra at 634.

We have
discussed the evidence with regard to each term of the settlement agreement in
connection with our discussion of substantial performance.  We need not rehash that discussion.  After a review of such evidence, in accordance
with the above standards of review, we sustain appellant=s second point of error.

In his
third point of error, appellant asserts that: 


The trial court=s failure to find that [appellees]
fraudulently induced [appellant] to enter into the settlement agreement was so
against the great weight and preponderance of the evidence as to be manifestly
unjust.

 

Appellant
is again attacking a finding upon which he had the burden of proof.  His attack 
requires that he demonstrate that the adverse finding is so against the
great weight and preponderance of the evidence as to be manifestly unjust.  Broach v. Bradley, supra; see also Raw Hide
Oil & Gas, Inc. v. Maxus Exploration Company, supra; Calvert, ANo Evidence@ and AInsufficient Evidence@ Points of Error, supra. 
We must examine all of the evidence and set aside a finding only if it
is so contrary to the overwhelming weight and preponderance of the evidence as
to be clearly wrong and manifestly unjust. 
Cain v. Bain, supra.  Again, we
review the trial court=s
findings of fact following a bench trial using the same standards we use to
review the factual sufficiency of the evidence supporting a jury=s verdict. 
Hitzelberger v. Samedan Oil Corporation, supra.  

One who claims fraudulent inducement must prove: (1) that a material
representation was made; (2) that the representation was false; (3) that, when
the representation was made, the speaker knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4)
that the speaker made the representation with the intent that the other party
should act upon it; (5) that the party acted in reliance on the representation;
and (6) that the party thereby suffered injury.   Formosa Plastics Corporation USA v. Presidio Engineers and
Contractors, Inc., 960 S.W.2d 41, 47 (Tex.1998).








Appellant argues that the facts of this case are such that they
circumstantially demonstrate  that
appellees made representations which were false and which they knew to be false
or which were made recklessly without any knowledge of the truth.  Appellant argues that we can infer from the
fact that certain things were not performed in accordance with the agreement
that appellees never intended to perform them. 
We are reminded that, in issues such as this, we are not to substitute
our findings for those of the trial court just because we might think that
there should be a different result. 
Pool v. Ford Motor Company, supra. 
The trial court heard testimony on both sides of this issue, including
appellant=s testimony that he did not think appellees Alied@ to him when they promised the parts manual.  The trial court was the fact finder; and, in the face of
conflicting evidence on a great weight point, deference will be given to the
fact finder.  After a review of all of
the evidence, we cannot say that the trial court=s finding on the issue was so contrary to the overwhelming weight and
preponderance of the evidence as to be manifestly unjust.  Appellant=s third point of error is overruled.

The judgment of the trial court is affirmed in connection with the
fraud in the inducement claim.  In all
other respects, the judgment of the trial court is reversed, and the cause is
remanded for a new trial. 

 

JIM R. WRIGHT

JUSTICE

August
15, 2002

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:
Arnot, C.J., and

Wright, J., and
McCall, J.